**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
|     NEAL M. JACOBS | : | |
|         Debtor(s) | : | Bky. No. 01-24739ELF |
| | : | |
| | : | |
| GEORGE P. VIENER | : | |
| | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| NEAL M. JACOBS, et al. | : | Adv. No. 08-142 |
| | : | |
|     Defendants | : | |

# O R D E R

**AND**, Plaintiff George Viener ("Viener") having commenced this adversary proceeding ("the Viener AP") by filing a Complaint on June 16, 2008,

**AND**, the Defendants in the Viener AP being the same as those in Holber v. Jacobs, et al., Adv. No. 08-13 ("the Trustee AP"),

**AND**, the Complaint in the Viener AP consisting of a single paragraph that incorporates by reference the allegations of the Complaint in the Trustee AP,

**AND**, Viener having filed a Motion to Intervene in the Trustee AP pursuant to Fed. R. Civ. P. 24(a) and (b) (incorporated by Fed. R. Bankr. P. 7024),

**AND**, this court having granted Viener's Motion to Intervene in the Trustee AP,

**AND**, there being some considerable doubt whether maintaining the Viener AP serves any further purpose in light of Viener's intervention in the Trustee AP, particularly because it is unlikely that an individual creditor may proceed on his own behalf on the same claims asserted

by the bankruptcy trustee acting as the representative of the bankruptcy estate, see St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc., 884 F.2d 688, 701 (2d Cir.1989); see also Board of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 169 (3d Cir. 2002).

**AND**, there being considerable doubt whether the outcome of the Viener AP could conceivably have an effect on the Debtor's estate., see Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984), and therefore, whether this court has subject matter jurisdiction under 28 U.S.C. §1334(b) over the Viener AP insofar as Viener seeks to recover on his own behalf, see generally In re Shuman, 277 B.R. 638. 654 (Bankr. E.D. Pa. 2001) (no bankruptcy jurisdiction exists where outcome of proceeding arising under state law can have no effect on administration of the bankruptcy estate),

It is hereby **ORDERED** that a hearing to consider **DISMISSAL** of this adversary proceeding is scheduled for **September 18, 2008**, at **2:00 p.m.**, in Bankruptcy Courtroom No. 1, U.S. Courthouse, 900 Market Street, Philadelphia, PA.

Date:   September 8, 2008

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE